White, J.
Gholson procured an inquisition of forcible entry and de-tainer to be taken before a justice of the peace, against the appellant, who petitioned a judge for a writ of certiorari, alleging that he had tendered a plea in writing traversing the force, and that owing to Gholson’s influence he could not have s fair trial in the county where the land lay. The certi-orari was granted, and when the proceedings were removed to the Circuit Court the petition was, by the judgment of that Court, dismissed.
The questions here are, whether the Circuit Court had power to grant the writ directed to a justice of the peace, and, if it had such power, whether the petition shows a sufficient cause for its exercise.
The clauses in our Constitution relative to writs of certiorari are confined to civil cases, and have no application to the one before us.
By the common law, the Court of King’s Bench, whose province it is to supervise the proceedings of inferior tribunals, could have issued this writ. Our Superior Courts were the only ones of a general and superintending jurisdiction, and are supposed to have had a similar power in such a case. The Act of 1794, ch. 1, § 1, expressly recognizes this writ as one by which criminal cases may be removed from inferior jurisdictions. The Circuit Courts possess the same powers which the Superior Courts possessed in cases like the present.
It therefore seems to us that the power to issue this writ existed, and that the probability of an unfair or insufficient trial in the county made a proper case for the exercise of that power. 1 Bac. Abr. 349, 350 ; 2 Bur. 1040; 2 Com. Dig. tit. Certiorari, A. 1; 4 Dal. 213, 214; Acts of 1794, chap. 1, § 52;- 2 Bac. Abr. tit. For. En. Det.
The judgment of the Circuit Court must, therefore, be reversed.